**In the Matter of RICKEL HOME CENTERS, INC., Debtor.**

**RICKEL HOME CENTERS, INC., Plaintiff,**

v.

**Robert BAFFA, Defendant.**

**Bankruptcy No. 96–26.**
**Adversary No. 96–30.**

United States Bankruptcy Court, D. Delaware.

Aug. 16, 1996.

Robert E. Gerber, Demet Basar, Fried, Frank, Harris, Shriver & Jacobson, New York City, Laura Davis Jones, Brendan L. Shannon, Young, Conaway, Stargatt & Taylor, Wilmington, Delaware, for Plaintiff.

Joanne B. Wills, Blank Rome Comisky & McCauley, Wilmington, Delaware, Mark W. Gaffney, Jacqueline Sailer, Rabin & Garland, New York City, for Defendant.

HELEN S. BALICK, Chief Judge.

In this adversary proceeding, the debtor Rickel seeks declaratory or injunctive relief against Robert Baffa from proceeding with a securities law class action pending in the United States District Court for the Southern District of New York entitled Baffa v. Donaldson, Lufkin & Jenrette et al.

Rickel Home Centers, Inc. filed its Chapter 11 petition in this court on January 10, 1996. The Baffa action was filed on January 26, 1996. In addition to DLJ, the Baffa securities action names as defendants Eos Partners, General Electric Capital Corporation, and five individuals: A. Andrew Levison, Steven M. Friedman, Douglas R. Korn, Jules A. Borshadel, and John K. Henry. Rickel is not a defendant in the Baffa action.

The Baffa complaint alleges the following. The action is on behalf of Baffa and similarly situated purchasers of units of senior notes and warrants to purchase shares of common stock of Rickel Home Centers, Inc. The purchasers bought these notes and warrants in an initial public offering of about $126 million made in November 1994 pursuant to a registration statement and prospectus. The registration statement contained materially false and misleading financial information about Rickel, and further failed to disclose material information, in violation of securities laws and common law. Each of the five individual defendants at the time of the offering was an officer of Rickel, a member of the board of directors, or signed the registration statement. Each individual defendant knew of and intentionally misrepresented and omitted the material facts. In five claims, the Baffa complaint seeks actual and punitive damages, and attorneys' fees.

In this adversary proceeding, filed on February 28, 1996, Rickel seeks a declaration that section 362 of title 11 stays all further prosecution of the Baffa action. Rickel alternatively seeks an injunction pursuant to section 105(a) of title 11 to enjoin further proceedings in the Baffa action until a plan of reorganization has been consummated.

The record includes a detailed pre-trial stipulation and order and evidence admitted today. The court finds the following.

Mr. Henry is executive vice president and CFO of Rickel. He is involved in Rickel's day-to-day operations, and is responsible for overseeing the financial aspects of Rickel's reorganization. He believes a realistic target date for a confirmed plan in Rickel is well into 1997. The Baffa action, if not enjoined during the interim time period between now and then, will interfere with the ability of Mr. Henry to operate the business of Rickel, and the ability of Mr. Henry to participate in the Chapter 11 reorganization process.

Jules Borshadel was Rickel's President and CEO and a member of Rickel's Board of Directors from August 1994 until July 23, 1996, when he stepped down from those positions. His present responsibilities to Rickel are minimal if any, and decreasing with time.

Mr. Friedman, the chair of the board of directors, provides management and consulting services to Rickel. He is involved in the reorganization efforts, has oversight responsibility for Rickel's business, and is involved in the daily and weekly operations. Significantly, Mr. Friedman has many interests and responsibilities other than his work for Rickel. Although his attention to Rickel may have increased since Jules Borshadel resigned, Friedman does not spend a significant amount of his time on Rickel matters. Rickel has not shown that Mr. Friedman will be prevented from carrying out his responsibilities to Rickel if the Baffa action goes forward. Similarly, the court is not persuaded that the other two individual Baffa defendants, who have no active involvement in or responsibility for Rickel's reorganization efforts or the conduct of Rickel's business, will be prevented from carrying out their respective responsibilities to Rickel if the Baffa action goes forward.

Discovery in the Baffa action is detailed in paragraphs 49 and 50 of the joint stipulation, and has been narrowed by Mr. Rabin today. Nonetheless, this discovery is not, as Baffa characterizes, necessarily limited in scope. Baffa may want to depose any number of Rickel's employees, including for example those responsible for the preparation of the offering documents, and the assimilation of information of operating results into the 1994 financial reports. This discovery, if not stayed, will impose significant burdens on employees of Rickel and interfere with the reorganization efforts. In the aggregate, the Baffa action would consume time, energy, and resources of Rickel and hinder the reorganization effort.

It is stipulated that one or more of the Baffa defendants intend to file a motion to dismiss the securities action. Baffa argues, and Rickel does not dispute, that if a motion to dismiss is filed, pursuant to securities law all discovery will be automatically stayed. Mr. Rabin has stated that Baffa will seek to invoke an exception to that stay, however, the court can remove that possibility through today's order. Moreover, Rickel has not shown the burden on Mr. Henry and other Rickel employees in participating in a motion to dismiss is anything more than minimal in nature. The decision to file a motion to dismiss has been made, the facts are those stated in the complaint, and legal counsel will be primarily responsible for drafting the briefs.

Addressing Rickel's first request for relief, the controlling law is set forth *In re Continental Airlines,* 177 B.R. 475 (D.Del. 1993). Judge Robinson stated in that decision that the automatic stay may be extended beyond direct actions against the debtor to lawsuits against non-debtors where an identity of interest exists between the debtor and the non-debtor defendants such that the debtor is the real party defendant and the litigation will directly affect the debtor and, more particularly, the debtor's assets or its ability to pursue a successful plan of reorganization under Chapter 11. Rickel has the burden to prove this standard has been satisfied.

On the identity of interest issue, Rickel points out that if the registration and prospectus are materially false, Rickel itself would be liable under applicable securities laws. Rickel also points to Baffa's complaint itself, which alleges that "liable along with the named defendants for the violations alleged herein, is Rickel, the issuer of the units." Baffa persuasively counters that the bar date for filing proofs of claims has passed, and that he has consciously chosen not to file a proof of claim. Moreover, as Baffa points out, section 1141(d)(1)(A) of Title 11 discharges Rickel from all pre-petition claims, whether or not a proof of claim has been filed.

Rickel's only remaining argument that there is an identity of interest is that Rickel has indemnification and/or contribution obligations to most or all of the Baffa action defendants. Indeed, Borshadel, Henry, Friedman, and Korn have all filed proofs of claims seeking indemnification and contribution in connection with the Baffa action. Rickel as of yet has not objected to these proofs of claims. Baffa argues these obligations are unenforceable under securities and bankruptcy law, however, the Baffa action defendants are not before this court in this adversary and that enforceability issue is not properly before the court at this time. Finally, Rickel has director and officer liability insurance policies for each of the five individual defendants. The policies run directly to the benefit of these defendants. Each of those defendants has retained competent counsel. It is true that each of the coverage policies contain a deductible, however, the court does not deem the size of those deductibles sufficient to create an identity of interest. On this record, Rickel has not met its burden of proof to show an identity of interest between Rickel and the named defendants.

■ Addressing now Rickel's alternative request for relief, for an injunction to issue, Rickel must show success on the merits of its complaint, irreparable harm, that the balance of harms weighs in Rickel's favor, and that the public interest will be served by the issuance of an injunction.

Taking the requirements for injunctive relief slightly out of order, there is a strong public interest in promoting a successful Chapter 11 reorganization. This public interest would be frustrated if the Baffa action proceeds wholly unimpeded. The public interest prong is satisfied.

There is irreparable harm to Rickel if no injunction issues. The Baffa discovery will impose significant burdens on Henry and employees of Rickel and interfere with the reorganization efforts. Mr. Gerber has pointed out that Rickel may experience discovery requests not only from Baffa, but other Baffa defendants as well. The discovery burdens on Rickel are magnified by the present management staffing levels, and the quantity of work this management needs to undertake in the coming months. As previously discussed, however, the court is not persuaded by Rickel's argument concerning the financial harm caused by indemnification and contribution claims.

A stay of the Baffa action will undoubtedly harm the plaintiff. There has already been a six month delay. Baffa has pointed out that the passage of time will increase the possibility of faded memories or lost documents. The court has carefully considered the harms to the parties, and concludes that the harm to Baffa is outweighed by the harm to Rickel if the Baffa action goes forward wholly unimpeded by any injunction.

However, in balancing the harms to the parties, the court finds that if the Baffa action is allowed to proceed solely for the purpose of allowing the filing and prosecution of the motion to dismiss, the discovery burden on Rickel does not outweigh the harm to Baffa. Thus, an injunction shall issue that allows the contemplated motion to dismiss to go forward in the Baffa action.

Furthermore, Mr. Rabin has bound Baffa to a certain sequence of discovery that minimizes the burden on Rickel and its employees. Phase one, document requests from third parties will not burden Rickel. Thus, assuming the motion to dismiss is ultimately denied, this discovery should be not be enjoined.

To this extent, Rickel has proven the merits of the second cause of action in its complaint. I have signed an order based on these rulings.

### ORDER

AND NOW, August 16, 1996, for the reasons stated in court, IT IS ORDERED that:

1. Section 362(a) of Title 11 does not apply to stay further proceedings in the securities law class action pending in the United States District Court for the Southern District of New York entitled Baffa v. Donaldson, Lufkin & Jenrette et al., No. 96 Civ. 0583.

2. Pursuant to 11 U.S.C. § 105(a), all further proceedings in the securities law class action pending in the United States District Court for the Southern District of New York entitled Baffa v. Donaldson, Lufkin & Jenrette are enjoined, with the following exceptions and limitations to this injunction:

a. The injunction shall dissolve on April 30, 1997, or the effective date of a plan of reorganization in this Chapter 11 case, whichever is earlier.

b. The Baffa action may proceed to allow any of the defendants in that action to file a motion to dismiss (collectively, "the motion to dismiss").

c. The parties in the Baffa action may fully prosecute, or oppose as the case may be, the motion to dismiss in the United States District Court for the Southern District of New York, and any other courts that may hear an appeal from a ruling on the motion to dismiss.

d. Commencing 15 days after a final order on the motion to dismiss has been docketed in the court which issues that order, the section 105(a) injunction is further modified to allow discovery by any party in the Baffa action on persons other than Rickel or any employee, manager, officer or director of Rickel.